IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM S. KARN,<br>          Plaintiff,<br><br>          v.<br><br>CLAYTON S. MORROW,<br>          Defendant. | )<br>)<br>)<br>)  2:11-cv-1402<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION AND ORDER OF COURT**

Pending before the Court is the MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) (Document No. 3), with brief in support, filed by Defendant Clayton S. Morrow ("Morrow"). Plaintiff William S. Karn ("Karn") has filed a response and "Narrative Sheet" in opposition to the motion and it is ripe for disposition.

Factual and Procedural Background

On November 3, 2011, Karn filed a "Complaint of Interstate Commerce Injury." Both Karn and Morrow are lawyers and citizens of Pennsylvania. Karn alleges that this Court may exercise subject-matter jurisdiction pursuant to federal antitrust laws and the jurisdiction over interstate commerce conferred by the United States Constitution.

The Complaint is not a model of clarity. It appears that a Mr. and Mrs. Phillips entered into an option contract with a Ms. Brown, who allegedly "operates a conservative, socially beneficial business aiding families in need of modestly financed residence." Brown planned to re-sell the home to the Waltermeyers. The Phillips, Brown and the Waltermeyers are not named as parties in this case, and their relationship to Karn and Morrow is not clear.

1

The Phillips and Waltermeyers discovered the existence of one another's respective agreements with Brown. The Complaint alleges that instead of proceeding with the deals, "Morrow joined with the Waltermeyer lawyer[1] in an attack on Brown for selling a house that Brown did not own" and induced the Phillips to breach the option contract. Plaintiff alleges that the bank business of mortgage debt paper, in the aggregate, runs in the billions of dollars and that the breach of the option contract by the Phillips implemented by Morrow "is a blow which cripples a business affecting interstate commerce."

Karn concedes that Morrow obtained a state court award of attorney fees of $6,630, although no further details are set forth in the Complaint.[2] Presumably, the award of attorney fees was connected in some way to the Phillips-Brown transaction. Karn alleges that Brown lost another $400 in possible profit in the exercise of a real estate option contract. Accordingly, Karn seeks a court award of $7,030, based on a finding that there was a breach of contract resulting in injury to an interstate business operation. In the alternative, if Morrow fails to accept service, Karn asks the Court to enter a default judgment for $17,000, closer to his alleged actual out-of-pocket expenses.

The Complaint is totally silent with respect to Karn's own involvement. In the "Narrative Sheet" attached to Karn's response to the motion to dismiss, Karn indicates that he "and his associate Brown are operating a law office." Presumably, this Brown is the same person referenced in the Complaint. Nevertheless, there are no factual averments concerning Karn's role in the underlying contract dispute or the state court's award of attorney fees. In the Narrative Sheet, Karn articulates a theory, namely that he should have the freedom to compete as

---

[1] The "Waltermeyer lawyer" is not identified or named as a Defendant in this case.
[2] Defendant avers in his brief that on June 26, 2003, Karn was ordered by a state court pursuant to 42 Pa.C.S.A. § 2503 to pay attorney fees for his dilatory, obdurate and vexatious conduct in Case Number GD98-019413.

a real estate lawyer against real estate brokers who allegedly encroach on the practice of law by writing sales agreements, that is not based on the Complaint at all.

Morrow contends that Karn has failed to state a valid claim and seeks dismissal with prejudice for two separate reasons: (1) the failure to contain a short and plain statement of a claim, pursuant to Fed. R. Civ. P. 8; and (2) lack of subject-matter jurisdiction pursuant to the *Rooker-Feldman* doctrine, as Plaintiff seeks review of a state court decision.

Discussion

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) challenges the legal sufficiency of the complaint filed by Plaintiff. The United States Supreme Court has held that "[a] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (207) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (alterations in original).

The Court must accept as true all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. However, as the Supreme Court made clear in *Twombly*, the "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The Supreme Court has subsequently broadened the scope of this requirement, stating that only a complaint that states a ***plausible*** claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1950 (2009) (emphasis added).

Thus, after *Iqbal*, a district court must conduct a two-part analysis when presented with a motion to dismiss for failure to state a claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the Court must separate the factual and legal elements of the claim. *Id.*

3

Although the Court "must accept all of the complaint's well-pleaded facts as true, [it] may disregard any legal conclusions." *Id*. at 210-211.  Second, the Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'  In other words, a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts." *Id*. at 211 (citing *Iqbal* 129 S. Ct. at 1949).  The determination for "plausibility" will be "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id*. at 211 (quoting *Iqbal* 129 S. Ct. at 1950).

As a result, "pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss." *Id.* at 211.  That is, "all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible.  This then 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id*. at 210 (quoting *Iqbal*, 129 S. Ct. at 1948).

The Complaint in this case falls far short of the standard.  Among other shortcomings, it fails to:  (1) set forth any facts with regard to Karn's own involvement; (2) aver any wrongful conduct by Morrow – other than representation of his clients[3]; (3) describe the circumstances which led to a state court award of attorney fees; (4) link the award of attorney fees to the underlying conduct involving the Phillips, Waltermeyers, Brown and Morrow; and (5) aver the basis for Karn's alleged damages.  On one hand, the Complaint seems to seek damages of $7,030 resulting from a state court's award of attorney fees.  On the other hand, it seeks trebled damages of $17,000 resulting from unspecified "out of pocket costs."   There are not sufficient facts from

---

[3] The Complaint concedes that Morrow "obtained a state court award of attorney fees."  Thus, it is not plausible to assume that he acted wrongfully, particularly in the complete absence of any other factual allegations.

which the Court can discern any cognizable – let alone plausible – cause of action. At most, attorney Morrow represented his clients in an alleged breach of contract with Brown, a non-party. There are no dates in the Complaint; if Morrow is correct that the state court attorney fee award occurred in 2003, this case would appear to be barred by the statute of limitations. In summary, the Court concludes that the Complaint fails to state a valid claim.

Moreover, Plaintiff has failed to establish any legitimate basis for the exercise of subject-matter jurisdiction. Federal question jurisdiction is supported only by labels and a formulaic recitation to the United States Constitution -- the gravamen of the Complaint is a state law breach of contract dispute. The parties are both citizens of Pennsylvania and the amount in controversy is far less than $75,000. Thus, diversity jurisdiction is also lacking. Defendant has raised the *Rooker-Feldman* doctrine as another basis for dismissal. Briefly stated, the doctrine deprives federal courts of jurisdiction over cases "brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). This doctrine <u>may</u> be applicable, as the Complaint references a state court award of attorney fees. However, given the numerous pleading deficiencies identified above, the Court lacks sufficient information to form a definite conclusion, and it need not do so.

Leave to Amend Complaint

If a civil rights complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004); *accord Grayson v. Mayview State Hosp.*, 293 F.3d 103 (3d Cir. 2002). A district court must provide the plaintiff with this opportunity even if the

plaintiff does not seek leave to amend. *Id.* In non-civil rights cases, however, a plaintiff must seek leave to amend and must submit a draft amended complaint. *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252-53 (3d Cir. 2007). Plaintiff has not sought leave to amend in this case.[4] The Court recognizes that Karn is pro se. Nevertheless, the Complaint is so lacking in facts, a plausible legal theory, and a cognizable basis for subject-matter jurisdiction that further proceedings would be futile and inequitable.

    An appropriate Order follows.

                                                        McVerry, J.

---

[4] The Court notes that a prior case between these parties was also dismissed with prejudice. *Karn v. Morrow*, 2010 WL 2595201 (W.D. Pa. 2010).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM S. KARN,** </br>            **Plaintiff,** </br></br> v. </br></br> **CLAYTON S. MORROW,** </br>            **Defendant.** | ) </br> ) </br> ) </br> )  2:11-cv-1402 </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

### ORDER OF COURT

AND NOW, this 23rd day of December, 2011, for the reasons set forth in the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that the MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) (Document No. 3) filed by Defendant Clayton S. Morrow is **GRANTED**.  The Complaint is **DISMISSED WITH PREJUDICE** and the clerk shall docket this case closed.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge


cc:     **WILLIAM S. KARN**
        664 Lincoln Avenue
        Pittsburgh, PA 15202-3420
        (Via First-Class and Certified Mail)

        Clayton S. Morrow
        Email: cmorrow@allconsumerlaw.com